UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1970-MCS (KS)                                    Date: November 23, 2021

Title   *Richard Prendez, Jr. v. Superior Court of California Riverside*

---

Present: The Honorable   Karen L. Stevenson, United States Magistrate Judge

|   Gay Roberson   |   N/A   |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: None      Attorneys Present for Respondent: None

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**I.     Relevant Background**

On October 22, 2021, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") in the Northern District of California.  (Dkt. No. 1.[1])  The case was transferred from the Northern District on November 18, 2021 and received by the Central District on November 22, 2021.  (Dkt. Nos. 6, 7.)

According to the Petition, on February 10, 2015, Petitioner was convicted by guilty plea in the Riverside County Superior Court (case no. BAF1500052) of willful infliction of corporal injury to a cohabitant, false imprisonment, and intimidation of a witness, plus a sentence enhancement related to a prior offense.  (Dkt. No. 1 at 2.)  The trial court sentenced Petitioner on August 18, 2015 to a term of 16 years and 4 months in state prison.  (*Id.*)

Petitioner asserts a single ground for federal habeas relief.  He contends that he recently learned that some of his criminal counts in case no. BAF1500052 were chargeable as either misdemeanors or felonies.  Based on that, Petitioner claims "incompetence of counsel," apparently for failing to challenge the filing of the relevant charges as felonies carrying longer potential sentences.  Petitioner requests that this Court order his sentence modified under California Penal Code § 1170(d)(1) to reflect a lower base term.  (Dkt. No. 1 at 3-4.)

---

[1]   For ease of reference, the Court cites to the page numbers assigned by the Court's Electronic Case Filing System.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1970-MCS (KS)                                      Date: November 23, 2021

Title        *Richard Prendez, Jr. v. Superior Court of California Riverside*

      However, Petitioner already has a habeas petition related to the same conviction pending in this Court.  Specifically, on September 30, 2021, Petitioner, proceeding *pro se*, filed a habeas petition in case no. EDCV 21-1677-MCS (KS).  That petition raises a single claim also challenging Petitioner's conviction in Riverside County Superior Court case no. BAF1500052.  The petition in that proceeding also raises the same issue Petitioner raises in this proceeding: "incompetence of counsel" concerning Petitioner's upper-term sentence.  *Prendez v. Superior Court*, No. EDCV 5:21-cv-1677 MCS (KS) (dkt. no. 1 at 8.)  Like the instant matter, in that case Petitioner also seeks relief in the form of a modification of his sentence under California Penal Code § 1170(d)(1).  *Id.* (dkt. no. 1 at 1.)

**II.      Habeas Rule 4**

      Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits.  *Id.* at 1128.

      A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal.  *Boyd*, 147 F.3d at 1128.  **Accordingly, the Court hereby notifies Petitioner that the Petition is subject to dismissal because it appears to be duplicative of the habeas action already pending in this Court.**

//

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1970-MCS (KS)                                                  Date: November 23, 2021

Title   *Richard Prendez, Jr. v. Superior Court of California Riverside*

### III.  Conclusion and Order

The applicable federal habeas statute generally contemplates a *single* challenge to the judgment of a state court giving rise to the prisoner's custody.  *See* 28 U.S.C. § 2244(b), § 2254(a).  In the interests of justice, and in light of the foregoing, the Court gives Petitioner the opportunity to show cause why the current habeas petition (case no. EDCV 21-1970 MCS (KS)) should not be dismissed as duplicative of the habeas petition already pending in this Court (case no. EDCV 21-1677 MCS (KS)).

**Alternatively, if this action was filed in error or Petitioner otherwise agrees with the Court that this action is duplicative of case no. EDCV 21-1677 MCS (KS), Petitioner may file a signed document in this action entitled "Notice of Voluntary Dismissal."  Petitioner may then proceed in case no. EDCV 21-1677 MCS (KS) by filing a response to the Court's Order to Show Cause issued in that action.**

**Petitioner's Response to this Order must be filed on or before December 14, 2021.  Petitioner's failure to timely respond will result in a recommendation of dismissal.**

          **IT IS SO ORDERED**.

                                                                                              :
                                                     **Initials of Preparer**   gr