UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   EDCV 21-1970-MCS (KS)                                         Date: December 17, 2021

Title    *Richard Prendez, Jr. v. Superior Court of California Riverside*

Present: The Honorable    Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: n/a          Attorneys Present for Respondent: n/a

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**I.     The Petition and Current Proceedings**

On October 22, 2021, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Original Petition"). (Dkt. No. 1.) Petitioner initially filed the Original Petition in the Northern District of California, and the matter was transferred to the Central District of California on November 18, 2021. (Dkt. No. 6.) On November 22, 2021, before the Court issued any orders in this case, Petitioner filed the pending First Amended Petition ("FAP"). (Dkt. No. 10.) The FAP, which is substantially similar to the Original Petition in all substantive respects, is now the operative pleading.

Although organized differently, both the Original Petition and the FAP assert the same two grounds for federal habeas relief: (1) Petitioner should not have been sentenced to the high statutory terms for his offenses; and (2) his trial counsel was ineffective for failing to argue successfully for a shorter sentence. (*Id.* at 5-7.)

At the time this matter was transferred from the Northern District, Petitioner already had a habeas petition pending in this Court raising these two claims. (*Id.* at 7); *see also Richard Prendez Jr. v. Superior Court of California County of Riverside*, EDCV 21-1677-MCS (KS). Accordingly, on November 23, 2021, this Court issued an Order to Show Cause ("OSC") why this action should not be dismissed as duplicative of case no. 21-1677. (Dkt. No. 9.) However, just a day earlier, Petitioner filed a Notice of Voluntary Dismissal in case no. 21-1677, and that matter is now closed. *See* EDCV 21-1677-MCS (KS) at Dkt. No. 4.  As the instant action is now Petitioner's only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1970-MCS (KS)                                            Date: December 17, 2021

Title   *Richard Prendez, Jr. v. Superior Court of California Riverside*

pending habeas matter before the Court, **the original OSC issued on November 23, 2021 is hereby DISCHARGED**.  This Order controls all further proceedings at this time.

**II.   Petitioner's Prior State Court Proceedings**

According to the FAP and Petitioner's publicly available state court records,[1] on August 7, 2015, Petitioner entered a guilty plea in the Riverside Superior Court to willful infliction of corporal injury, intimidation of a witness, and false imprisonment.[2]  Petitioner was sentenced to a term of 16 years, 4 months in state prison (case no. BAF1500052).  (Dkt. No. 10 at 2[3]); *case docket available at https://public-access.riverside.courts.ca.gov/OpenAccess/CriminalMainMenu.asp* ("Riverside Superior Court Records") (last visited Dec. 17, 2021).  Petitioner's Riverside Superior Court records reflect that Petitioner was sentenced on August 11, 2015.  Petitioner does not provide a case number or any other information indicating that he appealed his judgment of conviction, and his available, on-line state court records do not reflect any direct appeal to his conviction or sentence having been filed.  *Cases available at https://appellatecases.courtinfo.ca.gov* (last visited Dec. 17, 2021).

Petitioner's first postconviction filing in any court was a habeas petition filed in the California Court of Appeal, Third Appellate District, on January 11, 2021 (case no. C093337).  That petition, which appears to have concerned a prison disciplinary matter and not Petitioner's underlying conviction, was denied on January 15, 2021, for the failure to exhaust administrative remedies.  *Id.*

On April 6, 2021, Petitioner made what appears to be an oral motion in the trial court to modify his sentence under California Penal Code §1170(d).  The court denied the motion on the same day.  (Riverside Superior Court Records for case no. BAF1500052.)

---

[1]   Federal courts may take judicial notice of relevant state court records in federal habeas proceedings.  *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 9-2703-DSF (DTB), 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

[2]   The FAP reflects February 10, 2015 as Petitioner's date of conviction.  (Dkt. No. 10 at 2.)  However, Petitioner's Riverside Superior Court records establish that Petitioner was *charged* on February 10, 2015, and that he was ultimately convicted of the charges on August 7, 2015.

[3]   For ease of reference, the Court cites to the page numbers assigned by the Court's Electronic Case Filing System.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1970-MCS (KS)                                          Date: December 17, 2021

Title   Richard Prendez, Jr. v. Superior Court of California Riverside

Petitioner appealed the superior court's denial of his motion to modify his sentence to the California Court of Appeal, Fourth Appellate District, Division Two, on April 19, 2021 (case no. E076932). That petition was summarily denied on April 30, 2021. *Case available at* https://appellatecases.courtinfo.ca.gov (last visited Dec. 17, 2021).

Petitioner filed a habeas petition in the California Supreme Court – his only filing in that court to-date – on April 19, 2021 (case no. S268327). That petition was denied on July 21, 2021. (*Id.*)

**III.   Habeas Rule 4**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128.

A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Boyd*, 147 F.3d at 1128. **Accordingly, for the reasons outlined below, the Court notifies Petitioner that the FAP is subject to dismissal because it is facially untimely. To discharge this Order and avoid dismissal, Petitioner, no later than January 17, 2021, must file a Second Amended Petition that establishes that this action is timely.**

**IV.   The FAP is Facially Untimely**

The FAP is subject to summary dismissal because it is facially untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). The one-year limitations period is subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1970-MCS (KS)                                              Date: December 17, 2021

Title    *Richard Prendez, Jr. v. Superior Court of California Riverside*

to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645-49 (2010).

The section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In most cases, the commencement of a state prisoner's limitations period will be governed by section 2244(d)(1)(A). *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Here, there ae no facts articulated on the face of the FAP or attached exhibits that would trigger any alternative commencement date under section 2244(d)(1).

As stated above, Petitioner was sentenced in the trial court on August 11, 2015. Petitioner does not allege, and there are no facts to indicate, that he filed a direct appeal of his conviction and sentence. Therefore, for purposes of AEDPA's statute of limitations, **Petitioner's conviction became final on November 9, 2015**, sixty days after Petitioner was required to file with the trial court a notice of appeal and statement challenging the legality of his plea proceeding for issuance of a certificate of probable cause. See Cal. R. Ct. 8.304(b)(1); 8.308(a). Petitioner does not allege, and his state court records do not reflect, that he ever made these filings in the trial court within the 60-day period. Thus, for purposes of § 2244(d)(1)(A), **Petitioner's limitations period commenced on November 10, 2015, and expired on November 10, 2016**. *See* 28 U.S.C. § 2241(d)(1)(A); *Patterson*, 251 F.3d at 1246.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1970-MCS (KS)                                            Date: December 17, 2021

Title   *Richard Prendez, Jr. v. Superior Court of California Riverside*

Moreover, it appears that Petitioner is not entitled to statutory tolling. As noted above, Petitioner waited to file any motion or petition in the state courts challenging his conviction or sentence until April 6, 2021, nearly four and a half years after the AEDPA limitations period expired. Therefore, none of Petitioner's postconviction filings in the state courts qualify for statutory tolling. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Further, Petitioner does not allege, and there are no facts or evidence to indicate, that Petitioner is entitled to equitable tolling. Petitioner has not alleged any extraordinary circumstances that prevented him from timely filing this action nor has he established diligence in pursuing his rights. *See Holland*, 560 U.S. at 645 (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted).

The Original Petition, filed on October 22, 2021, missed the November 10, 2016 AEDPA deadline by nearly five years – rendering the FAP subject to dismissal under Habeas Rule 4.

**V.    Conclusion and Order**

In sum, it is apparent from the FAP and available state court records that Petitioner is not entitled to relief because this action is untimely. Consequently, the FAP is subject to summary dismissal under Habeas Rule 4. Nevertheless, in the interests of justice, the Court grants Petitioner the opportunity to correct these defects by filing a Second Amended Petition that establishes that this action is timely.

**IT IS THEREFORE ORDERED** that, to discharge this Order and avoid dismissal, **Petitioner, no later than January 17, 2022, shall file a Second Amended Petition that does <u>all</u> of the following:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1970-MCS (KS)                              Date: December 17, 2021

Title   *Richard Prendez, Jr. v. Superior Court of California Riverside*

**(1) Clearly identifies the state court judgment or proceeding that Petitioner is challenging;**
**(2) Asserts claims solely arising under "the Constitution, laws, or treaties of the United States";**
**(3) Clearly identifies the date on which the statute of limitations began to run on Petitioner's claims;**
**(4) Establishes that the Petition is timely.**

Alternatively, Petitioner may file a signed document entitled "Notice of Voluntary Dismissal" if he no longer wishes to proceed with this action.

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition.

**IT IS SO ORDERED**.

:
**Initials of Preparer**   gr